United States District Court
Middle District of Florida
Jacksonville Division

ABILITY HOUSING OF NORTHEAST FLORIDA, INC.,

    *Plaintiff,*

V.                                                      NO. 3:15-CV-1380-J-32PDB

CITY OF JACKSONVILLE,

    *Defendant.*

---

**Order Denying Plaintiff's Motion to Strike Affirmative Defenses**

    The plaintiff has filed a complaint against the defendant for alleged violations of the Fair Housing Act (FHA) and the Americans with Disabilities Act (ADA) stemming from its denial of a certificate of use to allow the plaintiff to provide housing to homeless, disabled veterans. Doc. 1. The defendant filed an answer and raised ten affirmative defenses. Doc. 8. Before the Court is the plaintiff's motion to strike the eighth defense (unclean hands, estoppel, waiver, consent, or laches bar equitable relief), the ninth defense (the plaintiff's acts or failures to act contributed to any damage), and the tenth defense (the plaintiff failed to mitigate any damage), Doc. 11, and the defendant's response opposing the motion, Doc. 12.

    Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficient if "patently frivolous" or "clearly invalid as a matter of law." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Unless insufficient, a court will usually not strike something from

a pleading unless it has no possible connection to the controversy and might prejudice a party if it remains. *Assa Compañia de Seguros, S.A. v. Codotrans, Inc.*, 15 F. Supp. 3d 1271, 1275 (S.D. Fla. 2014). Given that stringent standard and the drastic nature of altering a pleading, courts disfavor motions to strike and deem most to be time wasters. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1380 (3d ed. 2004).

The plaintiff argues the Court should strike the eighth, ninth, and tenth defenses because they do not comply with the pleading requirements of Federal Rule of Civil Procedure 8 insofar as they fail to allege facts to put the plaintiff on notice of the grounds on which the defenses rest. Doc. 11 at 2–4. Citing *Kohler v. Staples Office Superstore, LLC,* 291 F.R.D. 464, 470 (S.D. Cal. 2013), it argues the Court should strike the ninth affirmative defense for the additional reason that contributory negligence is inapplicable to claims based on intentional acts. Doc. 11 at 2, 4.

The defendant responds the motion should be denied because its affirmative defenses give the plaintiff sufficient notice of either the deficiencies in the plaintiff's case or the defenses it intends to assert, and "neither party has obtained any discovery responses geared toward the specific factual bases to prove or disprove the defenses." Doc. 12 at 2. It argues the Court should decline to apply a heightened pleading standard for affirmative defenses and should deny the motion because its defenses are not patently frivolous or invalid as a matter of law. Doc. 12 at 3–4. On its ninth defense, it observes *Kohler* found contributory negligence inapplicable to a public-accommodations ADA claim, not a housing-discrimination ADA claim. Doc. 12 at 4 n.1.

Rule 8 governs pleadings. Under its claim provision, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under its response provision, a response to a pleading must "state in short and plain terms [the] defenses to each claim asserted against" the responding party. Fed. R. Civ. P. 8(b)(1)(A). And under its affirmative-defense provision, a response to a pleading must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007), the Supreme Court, addressing only Rule 8's claim provision, held that a party seeking relief must plead sufficient factual allegations to show its claim is plausible. Since those decisions, district courts in this and other circuits are divided on whether that pleading standard extends to affirmative defenses.[1]

Courts extending the *Iqbal-Twombly* standard to defenses typically do so for three reasons. First, fairness and historical practice dictate that the same standard should apply to both sides alike. Second, similar language calls for similar interpretations. Third, the primary policy behind the *Iqbal-Twombly* standard (weeding out frivolous claims early) applies equally to affirmative defenses.[2]

---

[1] For a comparison of Middle District of Florida cases, see *Gonzalez v. Midland Credit Management, Inc.*, No. 6:13-cv-1576, 2013 WL 5970721, *2 (M.D. Fla. Nov. 8, 2013) (unpublished). For a comparison of district court cases in the Eleventh Circuit, see *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337, 2011 WL 2938467, *2–3 (M.D. Fla. July 21, 2011) (unpublished).

[2] For cases extending the *Iqbal-Twombly* standard to defenses, see, for example, *Castillo v. Roche Labs. Inc.*, No. 10-20876-CIV, 2010 WL 3027726, at *2–3

Courts refusing to extend the *Iqbal-Twombly* standard to defenses typically do so for two reasons. First, the text of Rule 8 does not support the extension. Whereas its pleading provision uses "showing," its response and affirmative-defense provisions use "state," and the analyses in *Iqbal* and *Twombly* relied on "showing." Second, the 21-day response period is insufficient to gather information to include supporting factual allegations.³

While no circuit court has addressed the issue in detail, the Ninth Circuit implicitly declined to extend the *Iqbal-Twombly* standard to defenses in *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016 (9th Cir. 2015). *Kohler* rejected the plaintiff's argument he had insufficient notice of stated defenses, observing "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Id.* at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1274 (3d ed. 1998)).

The former approach is now the minority approach. Note, *An Implausible Standard for Affirmative Defenses*, 112 Mich. L. Rev. 275, 285 (2013). Persuaded by the latter approach and its fidelity to both the rule that a court must give effect to a law that has plain and unambiguous meaning, *United States v. Silva*, 443 F.3d 795, 797−798 (11th Cir. 2006), and the longstanding adversity to striking a defense from a pleading unless it has no possible connection to the controversy and might prejudice

---

(S.D. Fla. Aug. 2, 2010) (unpublished), and *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010).

³For cases refusing to extend the *Iqbal-Twombly* standard to affirmative defenses, see, for example, *Adames v. G.B. Restaurants Inc.*, No. 12CV569S, 2014 WL 202380, *2 (W.D.N.Y. Jan. 16, 2014) (unpublished), and *Adams*, 2011 WL 2938467, at *3–4.

a party if it remains (an adversity left untouched by *Iqbal* and *Twombly*), the Court applies that approach here and declines to strike the eighth, ninth, and tenth defenses on the ground they do not include supporting factual allegations.

On the ninth affirmative defense, the plaintiff's additional argument is based on its assertion the defendant plans to argue contributory negligence, Doc. 11 at 3–4, but the defendant explains it plans to argue the plaintiff contributed to or failed to mitigate any damage from any violation, Doc. 12 at 4–5. Without presentation of any binding precedent holding a defendant cannot seek to lessen damage from an FHA or ADA violation by showing the plaintiff contributed to the damage that might demonstrate the defense is patently frivolous, clearly invalid as a matter of law, or with no possible connection to the controversy, and with no suggestion that leaving the defense in the pleading will prejudice the plaintiff, striking is the defense is unwarranted.

## Conclusion

The Court **denies** the plaintiff's motion to strike the defendant's affirmative defenses, Doc. 11.

**Ordered** in Jacksonville, Florida, on March 2, 2016.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record

5